UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

| | |
|---|---|
| RICARDO DEVENGOECHEA,<br>    Plaintiff,<br>vs.<br><br>BOLIVARIAN REPUBLIC OF<br>VENEZUELA, a foreign state,<br>    Defendant.<br>_____ | Case No.: 12-23743-CIV-HUCK/McALILEY |

**PLAINTIFF'S UNOPPOSED MOTION FOR STAY OF ACTION NUNC PRO TUNC TO PRESENT DATE FEB. 27, 2019 IN LIGHT OF PRESIDENTIAL SANCTIONS**

In light of President Trump's recent Executive Order 13850 (Nov. 1, 2018) ("EO 13850") concerning the situation in Venezuela which is the defendant in this action, plaintiff moves to stay this action *nunc pro tunc* to the present date Feb. 27, 2019. The requested stay, if granted, will stay this action effective as of the present date. EO 13850 may be found at 83 FR 55243.

This stay is necessary to enable plaintiff to apply for a special "OFAC license" from the U.S. Dept. of Treasury to consummate the settlement of this action, as authorized by EO 13850. The specifics are as follows:

**Overview Of Action and Litigation History**

Plaintiff brought this action against Venezuela under the Foreign Sovereign Immunities Act, 28 USC 1330 & 1602 *et seq.* ("FSIA"), to recover the value of his collection of memorabilia and artifacts concerning South American liberation leader Simon Bolivar. Bolivar is heralded as the George Washington of South America, having successfully led six South American countries to independence from Spanish colonial rule. The collection once belonged to Bolivar and includes thousands of documents of Bolivar's, as well as a certified locket of Bolivar's hair, epaulets gifted to Bolivar by Napoleon Bonaparte, and the unique Peru Liberation Medal awarded to Bolivar for leading Peru to independence from Spanish colonial rule.

Plaintiff gained the collection through inheritance. Plaintiff, an American citizen living in Orlando, Florida, was born and raised in the nation of Colombia where his great great grandfather Joaquin de Mier was a close friend and associate of Bolivar. Bolivar gifted the collection to plaintiff's great great grandfather. It was handed down from generation to generation in plaintiff's family, and finally to plaintiff upon the death of his mother in 2005.

At the instance of Venezuelan officials who traveled to Orlando, Florida to meet plaintiff in 2007, plaintiff brought his collection to Venezuela with these officials pursuant to an agreement under which Venezuela's experts would examine the collection in Venezuela, after which Venezuela either would pay plaintiff an agreed price for the collection or return it to him in Florida. Neither happened, leading plaintiff to bring this action against Venezuela under the Foreign Sovereign Immunities Act.

The details are in plaintiff's Second Amended Complaint (DE 140) including plaintiff's detailed declaration attached to it (DE 140-6).

This Court denied Venezuela's motion to dismiss plaintiff's Second Amended Complaint, and the Eleventh Circuit affirmed. The Eleventh Circuit held plaintiff's Second Amended Complaint to warrant jurisdiction under the FSIA. *Devengoechea v Bolivarian Republic of Venezuela,* 889 F.3d 1213 (11th Cir. 2018).

On remand, the parties engaged in extensive discovery which included the deposition of plaintiff. The parties then settled the action, and this Court postponed its discovery-related and trial-related deadlines to permit the parties to consummate the settlement (DE 225). As of the present date, the settlement payment has not been received.

## Executive Order 13850 and the Need for an OFAC License

Because of the unfortunate situation in Venezuela, President Trump issued EO 13850 on Nov. 1, 2018. EO 13850 prohibits sending to the United States or to any United States persons

assets relating to designated officials of the Venezuelan government whom the U.S. Treasury Dept. has found to have engaged in corrupt or other illegal activities.  The Executive Order also prohibits a broad array of "directly or indirectly" related transactions whose full scope is impossible to determine with any reasonable certainty.  Although plaintiff's claim is innocent and legitimate – which the Eleventh Circuit's decision supports – the payment of the settlement is now caught in the snare of the extremely broad and uncertain reach of EO 13850.

There is a safe harbor under EO 13850, but it takes time to invoke.  Plaintiff needs a stay of this action to obtain permission from the U.S. Treasury Dept. which must review and approve the settlement.  Other similar cases have granted stays in this situation.  *See, e.g.,* attached.

The breadth of EO 13850 is extraordinary and uncertain in its scope.  EO 13850 prohibits not only financial dealings with officials of the Venezuelan government specifically named by the Treasury Dept. ("specially designated nationals" or "SDNs"), but also financial dealings directly or indirectly "by, to or for the benefit" of SDNs, financial dealings directly or indirectly involving payment "from" SDNs, transactions which "evade[ ] or avoid[ ]" the restrictions, and acts deemed to be a "conspiracy" (undefined) to violate the restrictions (EO 13850 §§ 4(a), 4(b), 5(a), 5(b); 83 FR at 55244).  The full reach of these restrictions is impossible to define.

Although the government of Venezuela itself as an entity is not an SDN, many of its officials are.  It is virtually impossible to predict whether a particular transaction with the Venezuelan government somehow might "directly or indirectly" relate in some way to an SDN and thereby violate EO 13850.

EO 13850 offers a safe harbor.  It expressly authorizes the Treasury Dept. to examine particular transactions with Venezuela on a case-by-case basis for their bona fide nature and to issue "licenses … pursuant to this order" to consummate the transaction if found to be legitimate

(EO 13850 § 1(b); 83 FR at 55243).  These licenses are issued by the Treasury Dept.'s Office of Foreign Assets Control ("OFAC") and are called "OFAC licenses".

The broad and uncertain reach of EO 13850 makes an OFAC license imperative.  It is the only safe approach.  The law firm Skadden Arps (not involved in this case), after mentioning that "OFAC will have the ability to issue general or specific licenses", used typically veiled language to counsel anyone dealing with the Venezuelan government to seek an OFAC license:

> "In light of the sanctions that may be issued under E.O. 13850, companies with business dealings … involving the Government of Venezuela or its projects or programs should consider potential corruption risks in their assessment of the overall sanctions risk of a particular transaction."

Skadden, New Executive Order Authorizes the Imposition of Sanctions to Counter Corruption in Venezuela, https:www.skadden.com/insights/publications/2018/11/New Executive Order Authorizes the Imposition of Sanctions to Counter Corruption in Venezuela (Nov. 8, 2019).

Plaintiff intends to seek an OFAC license to receive his settlement.  Although other political issues involving Venezuela may complicate the situation, the only feasible approach for plaintiff at this time appears to be pursuit of an OFAC license.  Plaintiff is informed this process may take several months.

### The Need for Nunc Pro Tunc Relief

This Court's Order postponing the discovery-related and trial-related deadlines to consummate the settlement (DE 225), when read with this Court's General Scheduling Order, imposes imminent discovery-related deadlines and trial-related deadlines.  In compliance with this Court's deadlines, plaintiff has timely noticed – without prejudice to settlement and as a protective measure – depositions for tomorrow Feb. 28, 2019 and March 4, 2019.  The additional complications involving Venezuela, where President Trump has recognized Guaido as President

but Maduro continues in power, make it impossible to proceed with depositions, given the untoward situation confronting opposing counsel who was retained by the Maduro government.

To preserve the timeliness of plaintiff's actions (which are in fact timely) and not run afoul of this Court's deadlines, while simultaneously enabling plaintiff in good faith to pursue official U.S. government approval to receive his settlement through an OFAC license as authorized by EO 13850, plaintiff respectfully requests that this Court stay this action, subject to further Order of this Court, either *sua sponte* or at the request of any party, and that the stay when issued be effective *nunc pro tunc* to today Feb. 27, 2019.

### Consultation with Opposing Counsel

In compliance with this Court's rules, undersigned counsel for plaintiff has consulted with opposing counsel concerning this motion. Opposing counsel states it cannot speak for defendant Venezuela itself in light of President Trump's recognition of the Guaido government, but that opposing counsel, speaking for itself, has no opposition to this motion.

(continued next page)

**Conclusion**

This Court should grant this motion and should stay this action *nunc pro tunc* to today Feb. 27, 2019, allowing either party to seek relief from the stay at any time for good cause.

A proposed order is attached.

Dated:  February 27, 2019    LAW OFFICE OF DENNIS GROSSMAN
Dennis Grossman

by:  /s/ Dennis Grossman
        Dennis Grossman
Attorney for Plaintiff
6701 Sunset Drive (Suite 104)
Miami, Florida 33143
(516) 466-6690
dagrossmanlaw@aol.com
FBN 0841811

LAW OFFICE OF MAX R. PRICE, P.A.
Max R. Price
Attorneys for Plaintiff
6701 Sunset Drive (Suite 104)
Miami, Florida 33143
(305) 662-2272
mprice@pricelegal.com
FBN 651494

## **CERTIFICATE OF SERVICE**

     I certify that copies of this motion are being served on counsel for defendant this Feb. 27, 2019 through this Court's ECF system by filing this motion with this Court.

                                                  /s/ Dennis Grossman
                                                 Dennis Grossman
                                        Attorney for Plaintiff
                                        6701 Sunset Drive (Suite 104)
                                        Miami, Florida 33143
                                        (516) 466-6690
                                        dagrossmanlaw@aol.com
                                        FBN 0841811