UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

RICARDO DEVENGOECHEA,  )   Case No.: 12-CV-23743-HUCK
    Plaintiff,  )
vs.  )
BOLIVARIAN REPUBLIC OF  )
VENEZUELA, a foreign state,  )
    Defendant.  )

**PLAINTIFF'S PRETRIAL STATEMENT PURSUANT TO S.D.FLA.R. 16.1(e)**

Because Defendant Venezuela now represents itself pro se without counsel of record, which is permitted under the Foreign Sovereign Immunities Act, [1] and pursuant to this Court's directive, Plaintiff now files his statements for a Pretrial Stipulation under S.D.Fla.R. 16.1(e).

**1. Statement of the Case**

Plaintiff's Statement: This case arises under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330 & 1602 *et seq.* ("FSIA") and Defendant's breach of contract and unjust enrichment. Defendant took possession of, but failed to return or pay for, Plaintiff's valuable collection of items once belonging to General Simon Bolivar. These included thousands of documents many signed by Bolivar himself, artifacts, epaulets gifted to Bolivar by Napoleon Bonaparte, the one-of-a-kind Liberation Medal for the Nation of Peru, and an authenticated locket of Bolivar's hair.

---

[1] Under the Foreign Sovereign Immunities Act, Defendant may defend this action either with or without an attorney. *Aquamar S.A. v. Del Monte Fresh Produce N.A.,* 179 F.3d 1279, 1297 (11th Cir. 1999) ("It has been recognized that diplomatic agents of one state, while in another, may commence and maintain actions on behalf of their state," citing cases); *Gerritsen v. Escobar y Cordova,* 688 F.Supp. 556, 559 (C.D.Calif. 1988) ("The United States claims that allowing foreign states to represent themselves will further this purpose [of the Foreign Sovereign Immunities Act].... Therefore, because foreign states differ in fundamental ways from other unincorporated associations, and because the policies of the FSIA are best served by allowing pro se status, this Court will allow the UMS [Mexico] to represent itself in this proceeding."); *Velasquez v. General Consulate of Mexico,* 1993 WL 69493 at *3 (N.D.Calif. 1993) ("Defendant [Mexico] may proceed pro se").

Plaintiff acquired the collection through family inheritance. Plaintiff's great, great grandfather Joaquin de Mier was a close friend and business associate of General Bolivar. Shortly before his death, General Bolivar gifted the items in the collection to de Mier. The collection passed down from generation-to-generation in Plaintiff's family. Plaintiff acquired the collection upon the death of his mother in 2005. Plaintiff's Family Tree showing his relationship to de Mier is documented in the book *La Carta* (The Letter) by the late Venezuelan historian Jorge Mier Hoffman. Plaintiff's Family Tree and the book cover appear at ECF 257-1 & ECF 264-1.

In 2007 Venezuelan officials who had become aware of the collection inquired of Plaintiff who was then living in Orlando, Florida. Venezuela sent a delegation to meet with Plaintiff and pursue possible purchase of the collection. The delegation, led by Venezuelan official Delcy Rodriguez,[2] flew to Orlando, Florida in a private jet, met with Plaintiff, and spent considerable time in Orlando discussing and examining his collection and entering into negotiations. These Venezuelan officials, and in particular Delcy Rodriguez herself, persuaded Plaintiff to return to Venezuela with them and with his collection, pursuant to the following agreement: Plaintiff would bring his collection to Venezuela where he would permit its experts to examine and evaluate the thousands of items in the collection, after which Venezuela would either pay an agreed price for the collection or return it to him at his home in Orlando, Florida. The parties agreed. Pictures of Plaintiff with these Venezuelan officials at the Orlando, Florida airport and in their private jet, along with copies of a few select items in Plaintiff's collection, appear as exhibits 1 & 3 to the Second Amended Complaint (ECF 140-1 & 140-3).

---

[2] Delcy Rodriguez at that time was Coordinator General of the office of Venezuelan Vice President, Jorge Rodriguez, her brother. Upon information and belief, Delcy Rodriguez herself later became Vice President of Venezuela.

Pursuant to this agreement and in reliance upon it, Plaintiff flew to Venezuela with these officials in their private jet and brought his collection with him. Plaintiff remained in Venezuela for approximately 3 weeks (with a side trip back to the U.S. to search for more items) while Venezuela's experts examined the collection. After 3 weeks, Plaintiff was told its experts needed more time because of the size of the collection and that Plaintiff should return to the U.S. and await further communications from Venezuela. Plaintiff thus returned to his home in Orlando, Florida. Plaintiff repeatedly contacted these Venezuelan officials through 2010 and was repeatedly told they needed more time because of the huge size of his collection. In July 2010 articles appeared in the press that Venezuela's President Chavez had ordered the exhumation of Bolivar's body for what Plaintiff believed to be a DNA match with the locket of Bolivar's hair in Plaintiff's collection. At that point, Venezuela's officials no longer returned Plaintiff's calls, making it obvious that Venezuela did not intend to honor its agreement and was in breach. Plaintiff commenced this action in 2012.

Plaintiff seeks to recover the value of his collection as of the breach date in July 2010. Plaintiff's expert John Reznikoff, an experienced dealer and expert in artifacts, collectibles and antiques, has issued a detailed Expert Report and has valued Plaintiff's collection at $8,810,746.30 as of the date of the breach of contract in July 2010. Plaintiff also seeks mandatory prejudgment interest plus taxable costs.

There are 3 bases for jurisdiction against Venezuela under the FSIA, specifically 28 U.S.C. § 1605(a)(2), discussed in section 2 *infra.*

This Court has permitted Defendant's counsel to withdraw (ECF 253), and Defendant is proceeding pro se, which is permitted under the FSIA (p.1n.1 *supra*). Following the withdrawal of Defendant's counsel, Plaintiff has been serving Defendant directly.

Plaintiff understands Defendant's position to include its denial of virtually all allegations by Plaintiff, both on jurisdiction and the merits, as well as the affirmative defenses of statute of limitations, statute of frauds, and other defenses. See Answer at ECF 185. Plaintiff disputes Defendant's position both on jurisdiction and the merits. Defendant did not include its alleged affirmative defenses in its motion for summary judgment (ECF 221-224) which Plaintiff opposed (ECF 264-266) and which this Court denied (ECF 270).

### 1a. Plaintiff's Request for Judgment as Quickly as Possible to Comply With An Imminent Court-Ordered Deadline in Delaware Federal Court

Because of the extreme difficulties of recovering judgments against foreign countries generally and against Venezuela in particular, the best – and perhaps only – opportunity for Plaintiff to recover moneys in satisfaction of a judgment against Venezuela lies in a case now pending in the United States District Court for the District of Delaware. That case has imminent deadlines. The Delaware Federal Court has ordered the sale of Venezuelan-owned shares in Citgo Oil Co. to satisfy claims against Venezuela by judgment-creditors generally. *Crystallex International Corp. v. Bolivarian Republic of Venezuela,* Misc. Case No. 17-151-LPS (D.Del.) ("*Crystallex*"). Much more than a judgment is required of creditors, and the deadline is imminent. By January 12, 2024, in order to participate in a recovery from the sale of Citgo shares, creditors not only must obtain a judgment or award against Venezuela but also must domesticate the judgment or award in Delaware federal court, and move there for a writ of attachment, and in addition must actually obtain a writ of attachment from the Delaware federal court – all by January 12, 2024. *See Crystallex* at ECF 738 p.3 (D.Del.) (ordering a January 12, 2024 deadline for judgment-creditors to obtain a writ of attachment in Delaware federal court, to participate in the Citgo recovery). This necessary writ of attachment by January 12, 2024 is "Step 5" in an intricate 7-step process ordered by the Delaware Court. *See Crystallex* at ECF 646 pp.3-8 (D.Del.) (ordering and explaining the 7-step process). Thus Plaintiff in this action is

-4-

seeking a prompt trial and, assuming he prevails, entry of judgment as quickly as possible to permit immediate domestication in the Delaware federal court to start the Delaware process to meet its January 12, 2024 deadline.

To make this possible, Plaintiff will be moving to permit immediate enforcement of a judgment without the 30-day stay in Fed.R.Civ.P. 62(a) (authorizing this Court to cancel the 30-day stay) and will be moving to authorize immediate domestication of the judgment in Delaware without the 30-day delay in 28 U.S.C. § 1963 (authorizing this Court for good cause to order immediate domestication in another federal court without the 30-day delay in that section).

## 2. The Bases of Federal Jurisdiction

Plaintiff invokes 3 bases for jurisdiction against Venezuela under the FSIA, which are authorized in the 3 clauses in 28 U.S.C. § 1605(a)(2) – (1) Venezuela's commercial activity within the United States, (2) Venezuela's actions in the United States in connection with its commercial activity elsewhere, and (3) Venezuela's actions and commercial activity outside the United States which caused a direct effect within the United States. *Id.* This Court upheld jurisdiction under the first clause (ECF 165 p.1n.1) (commercial activity within the U.S.). The Eleventh Circuit upheld jurisdiction under the third clause (commercial activity outside the United States which caused a direct effect within the United States), leaving open (without itself deciding) whether there also is jurisdiction under the first or second clauses. *Devengoechea v. Bolivarian Republic of Venezuela,* 889 F.3d 1213, 1220 (11th Cir. 2018) ("Devengoechea asserts that jurisdiction exists here under all three clauses, but as it turns out we need consider only the third clause ["direct effect in the U.S." under which we uphold jurisdiction]"); *see also id.,* at 1225-1226 (upholding jurisdiction under the third clause of 28 U.S.C. § 1605(a)(2), stating, at 1226: "Because the Second Amended Complaint satisfies … the third clause … we affirm the

district court's ruling as it pertains to that clause. And since jurisdiction exists under the third clause, we do not consider whether it also may exist under any other clauses").

This Court further upheld jurisdiction when it denied Venezuela's post-appeal motion again for a jurisdictional dismissal and/or for summary judgment (ECF 270). Venezuela did not appeal from this Court's latter order.

### 3. The Pleadings Raising the Issues

The Second Amended Complaint appears at ECF 140; its exhibits 1-6 appear at ECF 140-1 - 140-6 including Plaintiff's detailed Declaration at exhibit 6, ECF 140-6. Defendant's Answer appears at ECF 185.

### 4. Unresolved Motions or Other Matters Requiring Decision by the Court

None, other than the forthcoming trial and, as discussed in section 1a above, the forthcoming motion by Plaintiff to waive the 30-day stay in Fed.R.Civ.P. 62(a) and to waive the 30-day delay on domestication in 28 U.S.C. § 1963 – so that Plaintiff may participate timely in recovery against the sale of Citgo Oil shares pending in the U.S. District Court in Delaware which has set an imminent deadline for participation. Both Rule 62(a) and § 1963 expressly authorize this Court to grant the relief requested. *See* section 1a *supra.*

### 5. Statement of Uncontested Facts

Plaintiff is prepared to present his case quickly, with only 3 witnesses, in a trial of one day or less. In light of Defendant's pro se status, and its pervasive denials in its Answer (ECF 185), Plaintiff cannot in good faith represent what facts are uncontested.

### 6. Issues of Fact Which Remain to be Litigated

See facts in Statement of the Case in section 1 *supra*. In light of Defendant's pro se status, and its pervasive denials in its Answer (ECF 185), Plaintiff expects that he will need to

prove – and is prepared to prove – his entire case without factual stipulations or concessions. Plaintiff expects that he can prove these facts quickly in a trial that will last one day or less.

### 7. Issues of Law on Which There is Agreement

In light of Defendant's pro se status, and its pervasive denials in its Answer (ECF 185), Plaintiff can represent in good faith that no more than the 4 following issues of law are uncontested:

(1) Venezuela, when represented by counsel, conceded that its actions in connection with its possible purchase of Plaintiff's collection constituted "commercial activity" within the meaning of 28 U.S.C. § 1605(a)(2). The Eleventh Circuit accepted Venezuela's concession. *Devengoechea, supra,* 889 F.3d at 1221-1222 & at 1222n.10 (11th Cir. 2018) (quoting Venezuela's concession).

(2) This Court has ruled that Venezuela, when represented by counsel, waived its purported defense of Insufficiency of Service of Process (Fed.R.Civ.P. 12(b)(5), Third Affirmative Defense) by failing to include this defense in its first motion to dismiss under Fed.R.Civ.P. 12 (ECF 137 p.16; Report and Recommendation by Magistrate Judge Otazo-Reyes). *See* Fed.R.Civ.P. 12(h)(1)(A) (waiver of Rule 12(b)(5) defense if not included in Defendant's first motion under Rule 12). Venezuela, when represented by counsel, never sought review on this issue before this District Judge (ECF 138) and thus is bound by this waiver.

(3) When Venezuela was represented by counsel, this Court denied Venezuela's challenge to personal jurisdiction (ECF 137 pp.15-16; Report and Recommendation of Magistrate Judge Otazo-Reyes, re Second Affirmative Defense, Fed.R.Civ.P. 12(b)(2)). Venezuela, when represented by counsel, never sought review on this issue before this District Judge (ECF 138) and thus is bound by this ruling.

(4) Defendant is proceeding pro se which is authorized under the FSIA (p.1n.1 *supra*).

### 8. Issues of Law Which Remain for Determination by the Court

In light of this Court's prior decisions upholding FSIA jurisdiction (ECF 165 & 270), remaining issues of law are unknown at this time. Nevertheless, in an abundance of caution, Plaintiff has included a discussion of jurisdictional issues in the Proposed Findings of Fact and Conclusions of Law.

### 9. Numbered List of Trial Exhibits

Plaintiff intends to offer into evidence the following exhibits at trial, reserving the use of additional exhibits in response to any evidence offered by Defendant:

- 1. Copy of Plaintiff's Family Tree (book excerpt) and book cover at ECF 257-1 & ECF 264-1.

- 2. Pictures at ECF 140-3 & ECF 264-3 and those in Appendices A-I of Expert Report of John Reznikoff. (This Expert Report and Appendices A-I were previously served on Defendant on August 16 & 17, 2023 in compliance with this Court's Order at ECF 269; *see* Plaintiff's Certificate of Compliance at ECF 280).

- 3. Copies of Peru Medal and documents at ECF 140-1 & ECF 264-2 and Peru Medal and documents in Appendices A-I of Expert Report of John Reznikoff. (This Expert Report and Appendices A-I were previously served on Defendant on August 16 & 17, 2023 in compliance with this Court's Order at ECF 269; *see* Plaintiff's Certificate of Compliance at ECF 280).

- 4. Copy of letter at ECF 140-2 & ECF 264-4.

- 5. Copies of airline transit documents at ECF 140-4 & ECF 264-5.

- 6. Copies of news articles at ECF 140-5 & ECF 264-6.

- 7. Copies of letters sent by Marco Ferri, Esq., to Defendant.

- 8. Expert Report of John Reznikoff and Appendices A-I (previously served on Defendant on August 16 & 17, 2023 in compliance with this Court's Order at ECF 269; *see* Plaintiff's Certificate of Compliance at ECF 280).

### 10. List of Trial Witnesses

Plaintiff expects to call the following witnesses at trial:

    Ricardo Devengoechea (plaintiff)
c/o Law Office of Max R. Price, P.A.
6701 Sunset Drive, Suite 104
Miami, Florida 33143, USA
305-662-2272

    Marco Ferri, Esq.
9230 SW 59 Place
Pinecrest, Florida 33156, USA
305-779-3560

    John Reznikoff (expert witness)
c/o University Archives
A Division of USC, Inc.
88 Danbury Road
Wilton, Connecticut 06897, USA
203-454-0111

Plaintiff will call himself and Mr. Ferri as in-person witnesses in Court. Pursuant to the election permitted by this Court and Plaintiff's response thereto, Plaintiff will call his expert witness Mr. Reznikoff to testify via Zoom videoconference (ECF 282 & 284).

Plaintiff does not expect to offer deposition testimony, reserving the use of deposition testimony in response to any evidence offered by Defendant.

Plaintiff reserves the right to call further witnesses and/or offer further evidence at trial in response to any witnesses called by Defendant or any evidence offered by Defendant.

## 11. Estimated Trial Time

One day or less.

## 12. Attorneys Fees Sought

Plaintiff seeks to recover from Defendant the value of Plaintiff's collection shown in his expert's Report, mandatory prejudgment interest, and taxable costs. Plaintiff does not seek to recover from Defendant his attorneys fees.

## CERTIFICATE OF SERVICE

True copies of this Document have been served upon Defendant Bolivarian Republic of Venezuela on this November 28, 2023 in the following manners:

by DHL Express and by United States Postal Service Air Mail addressed to the Attorney General of Defendant Bolivarian Republic of Venezuela in Caracas, Venezuela as follows:

> Honorable Attorney General
> Av Los Ilustres
> cruce con calle Francisco Iazo Marti
> Edificio Sede Procuraduria de la Republica
> Caracas 1041 Distrito Capital
> Venezuela
> (phone 58 212-5973300); and

by United States Postal Service First Class Mail addressed to Defendant Bolivarian Republic of Venezuela as follows:

> Venezuelan Mission
> 335 East 46 Street
> New York, New York 10017; and

by email to Defendant Bolivarian Republic of Venezuela addressed to:

> ministeriopublico@mp.gob.ve, bfincheltub@us.embajadavenezuela.org, serviciosconsulares@us.embajadavenezuela.org, misionvenezuelaonu@gmail.com, despacho.embveus@mppre.gob.ve; and to
> attorney Bryan Busch, Esq. (attorney who has not formally appeared for Defendant but who has recently communicated by telephone and email) at bb@buschmills.com; and to
> attorney Carlos Acevedo, Esq. (attorney who has not formally appeared for Defendant but who has recently communicated by telephone and email) at cacevedo@krupnicklaw.com; and to

2 further email addresses of Defendant Venezuela supplied by Defendant's former attorneys.  These 2 further email addresses are required to be kept confidential by Court order filed February 2, 2023 (ECF 253 ¶ 4).

Dated:  November 28, 2023  LAW OFFICE OF DENNIS GROSSMAN

by:  /s/ Dennis Grossman
          Dennis Grossman
Attorney for Plaintiff
6701 Sunset Drive (Suite 104)
Miami, Florida 33143
(516) 466-6690
dagrossmanlaw@aol.com
FBN 0841811

LAW OFFICE OF MAX R. PRICE, P.A.
Max R. Price
Attorneys for Plaintiff
6701 Sunset Drive (Suite 104)
Miami, Florida 33143
(305) 662-2272
mprice@pricelegal.com
FBN 651494